**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

DEANDRE SPENCER COTTON,

                Defendant.

Case No. 2:15–cr–00094–LDG–VCF

**REPORT & RECOMMENDATION**

MOTION TO SUPPRESS (#42)

     This matter involves the United States of America's prosecution of Deandre Spencer Cotton for being a felon in possession of a firearm, for possession of a controlled substance with intent to distribute (marijuana), and for possession of a firearm during, in relation to, and in furtherance of a drug trafficking crime. *See* (Superseding Indict. #34[1]). Before the court is Cotton's Motion to Suppress (#42). The Government opposed (#47). For the reasons stated below, Cotton's motion to suppress should be denied.

**I. BACKGROUND**

     On January 25, 2015, at approximately 9:03 p.m., a brown vehicle, driven by Deandre Cotton, made a sudden lane change without signaling for 100 feet, as required by Nev. Rev. Stat. § 484B.413(2). (Police Rep. (#42-1) at 2). Officer Ruzicka observed Cotton's lane change and decided to stop him. (*Id.*) While following Cotton, Officer Ruzicka observed Cotton using his side-view mirror to monitor Officer Ruzicka's patrol car. (*Id.*) Later, Cotton allegedly attempted to evade Officer Ruzicka by turning onto a side street, allowing Officer Ruzicka to pass, and then turning back onto the main street. (*Id.*) Officer

---

[1] Parenthetical citations refer to the court's docket.

1

Ruzicka observed Cotton's maneuver and noted that such behavior was common among individuals who sought to evade police. (*Id.*)

Officer Ruzicka stopped Cotton after he pulled into a Holiday Inn parking lot. (*Id.*) Officer Ruzicka approached the driver's side window and smelled the strong odor of marijuana. (*Id.*) Based on the smell of marijuana, Officer Ruzicka asked Cotton if there were any illegal narcotics in the vehicle; Cotton responded there were none. (*Id.*) Cotton then refused to give Officer Ruzicka permission to enter his vehicle. (*Id.*)  Sgt. Leblanc, who had arrived to assist with the stop, informed Officer Ruzicka that, based on the marijuana smell, he did not need Cotton's permission to search the vehicle.  (*Id.*)

Officer Ruzicka searched Cotton's vehicle and discovered a backpack containing a handgun and twelve small bags containing a total of approximately 30 grams of marijuana. (*Id.*) Cotton was arrested and booked on one count of being an ex-felon in possession of a firearm and one count of possession of a controlled substance with intent to sell. (*Id.* at 3).

On April 1, 2015, Cotton was indicted in the United States District for the District of Nevada on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possession of a controlled substance with intent to distribute (marijuana) in violation of  22 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). On July 29, 2015, a superseding indictment was filed and added one count of possession of a firearm during, in relation to, and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Cotton now moves to suppress evidence discovered during the search of his backpack as well as his statements following the search. He also requests an evidentiary hearing on this matter.

## II. LEGAL STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and requires that "no Warrants shall

2

issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. As a general

rule, warrantless searches and seizures are unreasonable as a matter of law. *See United States v.*

*Cervantes*, 703 F.3d 1135–1138 (9th Cir. 2012) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)).

In a criminal matter, the remedy for a violation of a defendant's Fourth Amendment right to be free from

unreasonable searches is the exclusion, from trial, of all unlawfully obtained evidence. *See Wong Sun v.*

*United States*, 371 U.S. 471, 484 (1963).

A police officer may search a vehicle without a warrant if there is probable cause that the vehicle

contains contraband or other evidence of criminal activity. *Carroll v. United States*, 267 U.S. 132, 153 –

54 (1925). The warrantless search is limited in scope to compartments and containers in the vehicle that

may hold the suspected contraband or evidence. *United States v. Ross*, 456 U.S. 798, 820 – 21 (1982).

Probable cause exists if there is a "fair probability that contraband or evidence of a crime will be

found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A probable cause determination

considers the "totality of the circumstances" and may evaluate all facts relevant to the question of

whether there is a fair probability that contraband or evidence will be found in a particular place. *See id.*

at 234. Determining whether probable cause exists turns on "certain common-sense conclusions about

human behavior … as understood by those versed in the field of law enforcement" *Id.* at 231– 32

(quoting *United States v. Cortez*, 449 U.S. 411, 418 (1981)).

"The odor of marijuana emanating from a vehicle establishes sufficient probable cause to search

the vehicle." United States v. Beck, No. 2:12–cr–0362, 2015 WL 74125, at * 12 (D.Nev. Jan. 6, 2015)

(citing *United States v. Barron*, 472 F. 2d 1215, 1217 (9th Cir. 1973)).

### III. DISCUSSION

Cotton contends that the evidence recovered from the search of his backpack and his subsequent

statements should be suppressed as the fruits of an unreasonable search because Officer Ruzicka lacked

probable cause to search his vehicle. Cotton contends that Officer Ruzicka lacked probable cause for

two reasons: (1) in light of Nevada's legalization of medical marijuana,[2] the smell of marijuana alone

cannot establish probable cause to search a vehicle and (2) it was impossible for Officer Ruzicka to

smell marijuana because no one had been smoking marijuana in his vehicle. Cotton requests an

evidentiary hearing to determine, among other issues, whether Officer Ruzicka smelled marijuana.

### A.   Whether Officer Ruzicka Had Probable Cause to Satisfy the Automobile Exception to the Warrant Requirement

Cotton argues that, even if Officer Ruzicka smelled marijuana, he lacked probable cause to

conduct the warrantless search of his vehicle because Nevada's legalization of medical marijuana

prevents probable cause from being based on the smell of marijuana alone. The court is unpersuaded.

Cotton relies on an Arizona state-court opinion, *Arizona v. Sisco*, to assert that the passage of a

statute legalizing the use of medical marijuana prevents law enforcement from using the smell of

marijuana alone to establish probable cause. 359 P. 3d 1 (Ariz. Ct. App. 2015). In *Sisco*, Defendant

Sisco argued that the search warrant used to seize marijuana in his home lacked probable cause because

it was based, in part, on the smell of marijuana. *Id.* at 4. The Arizona court of appeals agreed and

reasoned that the facts allegedly supporting probable cause, including the smell of marijuana, were also

consistent with legal medical marijuana cultivation. *Id.* at 11– 12. Further the smell of marijuana alone

did not satisfy probable cause because to hold otherwise would erase the different between legal and

illegal marijuana as well as eliminate the protections afforded to medical marijuana users by Arizona's

medical marijuana statute. *Id.* at 11. As Cotton admits, however, *Sisco*'s holding is limited and law

enforcement could "provide additional contextual information that suggests that the possession of

marijuana is unlawful" in order to establish probable cause for a search. *Id.* at 17. Cotton invites the

---

[2]  Nev. Rev. Stat. § 453A.200 (exempting holders of medical marijuana cards from prosecution for certain offenses).

court to adopt *Sisco*'s holding, apply it to vehicles, and rule that Officer Ruzicka lacked probable cause. The court declines to do so.

Here, Officer Ruzicka had probable cause to conduct the warrantless search of Cotton's vehicle because he observed contextual facts that, viewed in the totality of the circumstances, suggested Cotton possessed contraband. Contrary to Cotton's assertion, Officer Ruzicka's probable cause determination was not predicated on the odor of marijuana alone. Officer Ruzicka observed (1) Cotton peering at him via his side-view mirror and (2) Cotton driving in an evasive manner. Officer Ruzicka specifically noted that Cotton's driving was consistent with an individual attempting to evade law enforcement because they possessed contraband. The odor of marijuana, viewed in the context of Cotton's behavior prior to the stop, gave Officer Ruzicka sufficient information to conclude that there was a fair probability that Cotton possessed contraband. Thus, Officer Ruzicka had probable cause that Cotton's vehicle contained contraband to search Cotton's vehicle without a warrant.

### B.      Whether Cotton is Entitled to an Evidentiary Hearing

Cotton also requests an evidentiary hearing in order to show that it was impossible for Officer Ruzicka to have smelled marijuana because, he argues, "nobody had been smoking the marijuana." (Doc. #42 at 3:27– 4:1). The government replies that an evidentiary hearing would show that there was a marijuana odor emanating from Cotton's vehicle.

"An evidentiary hearing on a motion to suppress ordinarily is required if 'the moving papers are sufficiently definite, specific, detailed and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *United States v. Licavoli*, 604 F. 2d 613, 621 (9th Cir. 1979) (quoting *United States v. Ledesma*, 499 F. 2d 36, 39 (9th Cir. 1974)); *see also* D. Nev. R. 78-2 (stating that the decision to hold a hearing is discretionary). The court is unpersuaded that Cotton meets this standard.

1
2
3
4

The issue is not, as Cotton asserts, whether anyone had in fact smoked marijuana in the vehicle. When reviewing a motion to suppress, the court merely considers whether the facts present to the officer at the time of the search provided him with probable cause to search the vehicle when viewed under the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

5
6
7
8
9
10
11
12

Here, three facts were present to Officer Ruzicka that provided probable cause: (1) the smell of marijuana, (2) Cotton's evasive driving, and (3) Cotton's peering back at Officer Ruzicka through the side-view mirror. Even if the court were to accept Cotton's assertion as true, that no one had smoked marijuana in the vehicle, the court's probable cause finding would not change because Officer Ruizocka's report merely stated he detected the "strong odor of marijuana" emanating from the vehicle. Officer Ruzicka did not allege, as Cotton contends, that he smelled burnt or smoked marijuana. In this context, there is a fair probability that marijuana was present in Cotton's vehicle.

13

Therefore, Cotton's request for an evidentiary hearing is denied.

14

ACCORDINGLY, and for good cause shown,

15

IT IS RECOMMENDED that Cotton's Motion to Suppress (#42) be DENIED.

16

IT IS SO RECOMMENDED.

17

DATED this 3rd day of December, 2015.

18
19
20

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

21
22
23
24
25