UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-cr-0094-LDG-VCF |
| Plaintiff, | ORDER |
| v. | |
| DEANDRE SPENCER COTTON, | |
| Defendant. | |

On October 8, 2015, defendant Cotton filed a motion to suppress the possession of marijuana and a firearm discovered in a vehicle driven by Cotton based on a violation of his constitutional rights against warrantless search and seizure (#42). Cotton's motion requested an evidentiary hearing in which he could examine Officer Ruzicka, the officer who had stopped Cotton's vehicle after having observed Cotton change lanes without properly signaling, make an evasive maneuver, and Cotton peer through his side-view mirror at him. After the stop, Officer Ruzicka claimed to have smelled a strong odor of marijuana coming from the vehicle. Cotton also argued that the smell of marijuana alone would not give police probable cause to search the vehicle in view of the possibility of legal possession of medical marijuana and non-criminal nature of mere marijuana possession.

On November 11, 2015, the government filed a response to Cotton's motion (#47) in which it argued that an evidentiary hearing would establish that the police indeed smelled

marijuana emanating from Cotton's vehicle. The government pointed out that marijuana use while driving a vehicle continues to be a crime in Nevada. The government asserted it would be able to prove its version of the disputed facts of the case at an evidentiary hearing, should the court choose to conduct one.

On December 3, 2015, the magistrate judge issued its report and recommendation that Cotton's motion to suppress be denied (#48). The magistrate judge held that it was not material whether, as Cotton suggested, there could be no smell of marijuana in the vehicle if no one had been smoking marijuana in the vehicle. Rather, as the magistrate judge reasoned, probable cause existed based on (1) the smell of marijuana, (2) Cotton's evasive driving, and (3) Cotton's peering back at Officer Ruzicka through the side-view mirror. The magistrate judge noted that Officer Ruzicka did not allege that he smelled burnt or smoked marijuana, but that the strong odor of marijuana presented a fair probability that marijuana was present in Cotton's car.

The well-reasoned conclusions of the magistrate judge may well become operative in the ultimate determination of the merits of the motion to suppress. However, given whether the strong odor of marijuana detected by Officer Ruzicka was from smoked or packets of marijuana bears upon the government's position that Cotton's vehicle was being operated in an illegal manner, Cotton should be allowed an evidentiary hearing on his motion to suppress. Moreover, an evidentiary hearing would allow Cotton the opportunity, among others, (1) to test Officer Ruzicka's position regarding the reasons for his stop, (2) whether any other officer involved in the encounter smelled marijuana and in what form, (3) when Officer Ruzicka determined that a search of the vehicle was supported by the odor of marijuana, and (4) to present any testimony from the apparent third party in the vehicle at the time of the stop. Accordingly,

THE COURT HEREBY ORDERS that the motion to suppress is REMANDED to the magistrate judge in order to conduct a hearing on the motion.

THE COURT FURTHER ORDERS that the trial in this matter is VACATED until the magistrate judge has the opportunity to conduct the evidentiary hearing and reconsider his report and recommendation in light of the resolution of any disputed law or facts.

DATED this 14 day of March, 2016.

_____
Lloyd D. George
United States District Judge