UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-cr-0094-LDG-VCF |
| Plaintiff, | ORDER |
| v. | |
| DEANDRE SPENCER COTTON, | |
| Defendant. | |

The United States has filed a motion in limine for admission of prior acts pursuant to Fed.R.Evid. 404(b) (#56).  Deandre Cotton is charged with one count of felon in possession of a firearm, one count of possession of a controlled substance (marijuana) with intent to distribute, and one count of possession of a firearm during, in relation to, and in the furtherance of a drug trafficking crime.  On January 25, 2015, Cotton was stopped for an apparent traffic violation.  The police indicated a smell of marijuana coming from the car, and based on the circumstances, conducted a probable cause search of the car.  The police discovered a black pack containing multiple baggies of marijuana allegedly packaged for sale, along with a firearm.  Cotton has prior felony convictions.

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Although the Federal Rules of Evidence do not explicitly authorize a

motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials.  Luce v. United States, 469 U.S. 38, 41 (1984).

A motion in limine is a request for the court's guidance concerning an evidentiary question. Wilson v. Williams, 182 F.3d 562, 570 (7th Cir. 1999).  Judges have broad discretion when ruling on motions in limine.  Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or to weigh evidence. C & E Servs., Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D. D.C. 2008).  "[M]ere 'weaknesses in the factual basis of an expert witness' opinion [which] bear on the weight of the evidence rather than on its admissibility."  McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800-01 (6th Cir. 2000) (citing United States v. L.E. Cooke Co., 991 F.2d 336, 342 (6th Cir. 1993)).

A court should not make a ruling in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible.  Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); Koch v. Koch Indus., Inc., 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."  Hawthorne Partners v. AT & T Tech, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence."  Wilkins v. K-Mart Corp., 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

It is well established that a district court's ruling on a motion in limine "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer."  Luce, 469 U.S. at 41; Command Cinema Corp. v. V.A. Labs, Inc., 464 F. Supp. 2d 191, 200 (S.D.N.Y. 2006).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context

2

of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d at 846.

Here, the government argues that three prior convictions of Cotton are relevant under Rule 404(b) to the issues of intent, knowledge, and absence of mistake or accident in possession of, importation of, and intent to distribute narcotics as charged in this case:

(1)  A conviction on September 5, 2008, of maintaining a place for the purpose of selling a controlled substance (cocaine and/or marijuana) in the Second Judicial District Court, Washoe County, Nevada.

(2)  A conviction on September 5, 2008, of possession of a controlled substance for the purpose of sale (cocaine), in the Second Judicial District Court, Washoe County, Nevada.

(3)  A conviction on April 2, 2010, of trafficking in a controlled substance (ecstasy), in the Second Judicial District, Washoe County, Nevada.

Cotton, for his part, principally argues that if he presents a defense that the backpack and its contents were not his, then the prior convictions would be inadmissible except to prove that he was a convicted felon and therefore unable to possess a firearm.

The court finds that each of Cotton's three drug-related convictions are admissible under Fed.R.Evid. 404(b). Each goes to Cotton's intent, an essential element for which the government has the burden of proof, regardless of whether Cotton claims lack of ownership or possession of the backpack and its contents. See United States v. Hegwood, 972 F.2d 492, 497 (9th Cir. 1992) ("[E]vidence of prior possession or sale of cocaine is relevant under Rule 404(b) to issues of intent, knowledge, and absence of mistake or accident in a prosecution for 'possession of, importation of, and intent to distribute narcotics'"); United States v. Herrera-Osornio (9th Cir 2013) (evidence of defendant's prior conviction in a marijuana growing operation was relevant to show his intent to profit from a drug deal for which he was charged with conspiracy to distribute and possess with intent to distribute marijuana).

3

Nor does the court find that the convictions--two eight years old and one six years old–are too remote to preclude their admission. The convictions are directly related to possession of controlled substances with an intent to distribute, or distribution. Finally, the court, in its Rule 403 balancing, does not find that the probative value is substantially outweighed by the danger of unfair prejudice confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Accordingly,

THE COURT HEREBY ORDERS that the United States' motion in limine (#56) is GRANTED.

DATED this 10 day of November, 2016.

_____
Lloyd D. George
United States District Judge