UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>DeANDRE SPENCER COTTON,<br><br>    Defendant | Case No.: 2:15-cr-00094-APG-VCF<br><br>**Order Denying Motion for Compassionate Release**<br><br>[ECF No. 175] |

Defendant DeAndre Spencer Cotton was convicted by a jury and sentenced to 130 months in custody. ECF Nos. 123, 125, 143. He has served approximately 80 percent of that sentence. ECF No. 175 at 1. He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A). *Id*. The United States has not responded to the motion.

The compassionate release statute authorizes a judge to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). This "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (holding "that § 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government"). Here, however, the United States has not filed a response to the motion so it has not raised the exhaustion requirement.

Nevertheless, Mr. Cotton does not qualify for compassionate release. The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) requires "extraordinary and

compelling reasons" to support release.  I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

     Mr. Cotton apparently has not committed any disciplinary infractions, he has reduced his custodial status to a low level, and he has completed many educational and vocational courses while in custody. ECF No. 175.  I applaud him on his accomplishments, and I encourage him to continue to acquire knowledge and skills that will help him succeed when he is released.  But these steps do not constitute extraordinary and compelling reasons to shorten his sentence under the statute.

     I THEREFORE ORDER that Mr. Cotton's motion for compassionate release **(ECF No. 175) is denied.**

     DATED this 18th day of August, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE